UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

GRANGER CONSTRUCTION
COMPANY, INC.,

        Plaintiff,

 -against-           5:13-cv-0780 (LEK/ATB)

G.C. FIRE PROTECTION
SYSTEMS, INC.; ADVANTAGE FIRE
PROTECTION DESIGN, LLC.;
KENNETH F. MANN; and RONCO
MACHINE & RIGGING, INC.;

        Defendants.

## DECISION and ORDER

**I. INTRODUCTION**

Before the Court is Defendant Kenneth F. Mann's ("Defendant") Motion to dismiss for failure to state a claim and attached memorandum of law. Dkt. No. 20 ("Motion").[1] Plaintiff Granger Construction Company, Inc. ("Plaintiff") filed a Complaint in New York Supreme Court for damages, jointly and severally, against Defendants G.C. Fire Protection Systems, Inc. ("Subcontractor"); Advantage Fire Protection Design, LLC ("Sub-Subcontractor"); Ronco Machine & Rigging, Inc. ("Parent Company")[2]; and Defendant (collectively, "Defendants").[3] Dkt. No. 1-1

---

[1] Defendant's Motion and memorandum appear under the same docket entry. Citations to the Motion refer to both documents, and the pagination cited is the page number assigned by ECF.

[2] According to the Complaint, Ronco Machine & Rigging, Inc. was "not authorized to do business in New York," and "exercised complete domination and control over [Subcontractor]." See Compl. ¶¶ 5; 44-45.

[3] Defendants have also brought various cross-claims for contribution and indemnity.

("Complaint").[4] Plaintiff asserted state-law breach of contract and negligence claims against Defendants. Id. Parent Company removed pursuant to 28 U.S.C. § 1441. Dkt. No. 1.

Defendant, proceeding *pro se*, has moved to dismiss Plaintiff's claims against him for failure to state a claim on which relief can be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6). Mot. Plaintiff filed a Response. Dkt. No. 25 ("Response"). For the reasons that follow, Defendant's Motion is denied.

## II. BACKGROUND[5]

Plaintiff, a general contractor, entered into a contract to produce a hotel in the own of Vestal, New York ("Town"). Compl. ¶ 6. Plaintiff hired Subcontractor to design and install a fire protection system for the hotel. Id. ¶ 7. Subcontractor hired Sub-Subcontractor to design the system, and Sub-Subcontractor hired Defendant to provide engineering services in conjunction with the design. Id. ¶¶ 8-9. Defendant, a licensed engineer in New York, affixed his seal and stamp to the designs produced by Sub-Subcontractor, which neither complied with relevant codes nor adequately accounted for Plaintiff's specifications. Id. ¶¶ 4, 19, 27, 38. The faulty design caused property damage to the hotel, resulting in injury to Plaintiff. See ¶ 41.

## III. DISCUSSION

### A. Legal Standard

To survive a motion to dismiss pursuant to Rule 12(b)(6), a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

---

[4] The pagination cited is the page number assigned by ECF.

[5] The Court accepts the Plaintiff's factual allegations as true in a 12(b)(6) motion for failure to state a claim. See Tellabs, Inc. v. Makor Issues & Rights, Inc., 551 U.S. 308, 309 (2007). Thus, Plaintiff's allegations form the sole basis for this section.

Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also FED. R. CIV. P. 12(b)(6). A court must accept as true the factual allegations contained in a complaint and draw all inferences in a plaintiff's favor. See Allaire Corp. v. Okumus, 433 F.3d 248, 249-50 (2d Cir. 2006). A complaint may be dismissed pursuant to Rule 12(b)(6) only where it appears that there are not "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. Plausibility requires "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the alleged misconduct]." Id. at 556. The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. (citing Twombly, 550 U.S. at 555). Where a court is unable to infer more than the mere possibility of the alleged misconduct based on the pleaded facts, the pleader has not demonstrated that she is entitled to relief and the action is subject to dismissal. See id. at 678-79.

**B. Analysis**

The Complaint asserts two causes of action against Defendant: one alleging that Defendant breached his contract to Sub-Subcontractor when Plaintiff was an intended beneficiary, and another bringing a claim in tort for negligence. Although Plaintiff's allegations to not describe in detail why it is entitled to damages in this action, it has pled sufficient facts to survive a motion to dismiss.

*1. Negligence*

"The elements of a cause of action alleging common-law negligence are a duty owed by the defendant to the plaintiff, a breach of that duty, and a showing that the breach of that duty

proximately caused injury to the plaintiff." See Merchants Mut. Ins. Co. v. Quality Signs of Middletown, 973 N.Y.S.2d 787, 788 (N.Y. App. Div. 2013). In general, a tort claim for negligence does not arise when the duty that a defendant owes to a plaintiff arises solely out of a contractual relationship. See Sommer v. Fed. Signal Corp., 79 N.Y.2d 540, 551-52 (N.Y. 1992); Rich v. Orlando, 969 N.Y.S.2d 324, 326-27 (N.Y. App. Div. 2013) ("[A] simple breach of contract is not to be considered a tort unless a legal duty independent of the contract itself has been violated."). Thus, in order to state a claim for negligence in a case of economic loss, there must generally be some non-contractual duty of an engineer, contracting with a subcontractor, to the general contractor. See Facilities Dev. Corp. v. Miletta, 584 N.Y.S.2d 491, 494-95 (N.Y. App. Div. 1992) ("[T]here is nothing to suggest that either . . . the general contractor, or . . . [the] subcontractor, breached a legal duty independent of the obligations in their contracts and, therefore, any liability they might have for plaintiff's economic loss would arise out of breach of contract, not tort."). However, in suits against professionals, including engineers, for negligent misrepresentations, the standard is somewhat different. In Ossining Union Free Sch. Dist. v. Anderson LaRocca Anderson, the New York Court of Appeals allowed suits for negligent misrepresentation to proceed against two engineers who knew that the plans that they produced would be used by the plaintiff for a particular purpose. Here, Plaintiff's Complaint, resolving all inferences in Plaintiff's favor, states sufficient facts to determine that Defendant knew the plans that he approved would be used by Plaintiff to install a fire protection system.

Defendant argues that his negligence could not have caused Plaintiff's injury because all fire prevention plans must be submitted to the local Fire Marshal for approval under applicable building codes prior to commencement of construction. Mot. at 3-4. Because the Court can identify no

4

precedent to show that approval by a town board or fire marshal necessitates a finding that a plan actually complied with relevant law—the town fire marshal could not have made a mistake in granting the permits to Plaintiff—fire marshal approval would not absolve Defendant of negligence. See Ruddy v. Nolan, 830 N.Y.S.2d 308, 310 (N.Y. App. Div. 2007) (holding that the possibility that subsequent treating physicians might have been negligent did not break the chain of causation between the defendant's negligence and the injury sustained); Derdiarian v. Felix Contracting Corp., 51 N.Y.2d 308, 315-16 (holding that the negligence of a driver did not negate a contractor's failure to safeguard an excavation site, and that "[b]ecause questions concerning what is foreseeable and what is normal may be the subject of varying inferences, as is the question of negligence itself, these issues generally are for the fact finder to resolve").[6] Therefore, Plaintiff has stated facts sufficient to plead a cause of action for negligent misrepresentations against Defendant.

*2. Third-Party Beneficiary Liability for Breach of Contract*

Although Defendant does not expressly challenge Plaintiff's contract claim, the Court nevertheless evaluates whether the Complaint properly states a claim. A professional engineer or architect that provides services to produce construction plans is liable to the owner that undertakes such construction under a third-party beneficiary theory. See R.H. Sanbar Projects, Inc. v. Gruzen P'ship, 538 N.Y.S.2d 532, 534 (N.Y. App. Div. 1989). Third-party beneficiary status is granted more broadly to a party in contractual privity with a contractor when that contractor hires a subcontractor to do work necessary to the completion of the contract between the party and the contractor. Finch, Pruyn & Co. Inc. v. M. Wilson Control Servs., Inc., 658 N.Y.S.2d 496, 498 (N.Y.

---

[6] Actions in between Defendant's plans work and the ultimate damage to the building might well be relevant to the eventual apportionment of damages should Plaintiff succeed on its claim. See, e.g., Whitney Grp., LLC v. Hunt-Scanlon Corp., 967 N.Y.S.2d 21, 22 (N.Y. App. Div. 2013).

5

App. Div. 1997). Thus, Plaintiff has a colorable claim as a third-party beneficiary.

   *3. Damages*

At the motion to dismiss stage, it may suffice for a plaintiff to set forth "general allegations of injury resulting from the defendant's conduct." Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992). The showing of an entitlement to damages relates not only to the 12(b)(6) pleading requirements, but also standing to bring suit. Id. Although Plaintiff has not yet showed why it, and not the owner of the property, has sustained injury as a result of damage to the property and is entitled to collect damages, the Court need not require Plaintiff to do more at this time.[7]

**IV. CONCLUSION**

Accordingly, it is hereby:

**ORDERED**, that Defendant's Motion (Dkt. No. 4) to dismiss is **DENIED**; and it is further

**ORDERED**, that Defendant file and serve an answer in accordance with the Local Rules; and it is further

**ORDERED**, that the Clerk serve a copy of this Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:   January 15, 2014
         Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge

---

[7] The Court notes that, at the summary judgment stage, Plaintiffs will not be allowed to "rest on such 'mere allegations,' but must 'set forth' by affidavit or other evidence 'specific facts.'" Id. (quoting FED. R. CIV. P. 56(e)).